**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HEGHINE MARTIROSYAN; MAYK MARTIROSYAN, | No. 17-71916 |
| Petitioners, | Agency Nos. A206-913-680 A206-913-681 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 8, 2020[**]
Pasadena, California

Before: MURGUIA and CHRISTEN, Circuit Judges, and STEIN,[***] District
Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Sidney H. Stein, United States District Judge for the
Southern District of New York, sitting by designation.

Heghine Martirosyan and her minor son, natives and citizens of Armenia, petition for review of the Board of Immigration Appeals' (BIA's) decision dismissing their appeal from the Immigration Judge's (IJ's) order denying asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we dismiss the petition in part and deny the petition in part.[1]

We review the denial of asylum, withholding of removal, and CAT claims for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (citing *Singh v. Holder*, 764 F.3d 1153, 1159 (9th Cir. 2014)).

Substantial evidence supports the agency's determination that Martirosyan did not meet her burden of proof to establish past persecution or a well-founded fear of persecution based on her membership in the Armenian National Party. *See* 8 U.S.C. § 1158(b)(1)(B)(i) (burden of proof is on applicant to establish eligibility for asylum); *see also Duran-Rodriguez*, 918 F.3d at 1028. The IJ properly determined that Martirosyan's testimony alone was insufficient to meet her burden, *see* 8 U.S.C. § 1158(b)(1)(B)(ii) (applicant's testimony alone may sustain burden only if credible, persuasive, and sufficiently specific). The documentary evidence

_____

[1] Because the parties are familiar with the facts, we recite only those facts necessary to decide the petition.

Martirosyan submitted did not corroborate her specific claims regarding past incidents, and country conditions evidence did not establish that she has a well-founded fear of future persecution based on her political party membership. Accordingly, the BIA properly denied Martirosyan's claims for asylum and withholding of removal.

Substantial evidence also supports the BIA's determination that Martirosyan failed to establish she would more likely than not be subjected to torture instigated by, or with the consent or acquiescence of, a public official in Armenia. Because Martirosyan failed to meet her burden to establish that the past harm she alleged occurred, "we would have to find that the [country conditions] reports alone compel[] the conclusion that the petitioner is more likely than not to be tortured." *Shrestha v. Holder*, 590 F.3d 1034, 1049 (9th Cir. 2010) (quoting *Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 13 (9th Cir. 2006)). Here, the general country conditions evidence does not establish that Martirosyan would more likely than not be subjected to torture in Armenia.

We lack jurisdiction to review Petitioners' contention that the IJ erred by failing to provide notice of required corroborating evidence because Petitioners did not raise this argument to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION DISMISSED in part and DENIED in part.**